# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Criminal Number 1:07-cr-00403 |
|---|---|---|
| v. | : | (Judge Conner) |
| RASHI ABDUL USHERY | : | |

## MEMORANDUM

Presently before the court is the motion to reduce sentence (Doc. 96), filed by defendant Rashi Abdul Ushery ("Ushery") on June 11, 2012. On July 13, 2012, Ushery filed a supplement to this motion (Doc. 100), based on the Supreme Court's recent opinion in <u>Dorsey v. United States</u>, 132 S.Ct. 2321(2012). The United States filed a brief in response (Doc. 104) on August 3, 2012. For the reasons set forth herein, the court will grant in part and deny in part Ushery's motion.

## I. Procedural and Factual History

On October 3, 2007, a grand jury returned a one-count indictment against Ushery, charging him with possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). On September 17, 2008, a jury found him guilty of this offense.

Pursuant to the court's directive, the United States Probation Office prepared a presentence report, which found Ushery responsible for 65.7 grams of crack cocaine. Under the 2008 United States Sentencing Guidelines Manual – the edition used to calculate his Guidelines range – Ushery was assigned a base offense level of 30 and a criminal history category of IV, resulting in a Guidelines range of 135-168 months, with a statutory mandatory minimum sentence of ten years. On February 23, 2009, the court sentenced Ushery to 135 months incarceration, a fine of $1,000, community restitution of $1,000, a special assessment of $100, and five years of supervised release. (See Doc. 73).

On June 21, 2012, the probation office filed an addendum to Ushery's PSR. The addendum determined Ushery's revised offense level to be 26, which when coupled with his criminal history category of IV results in a Guidelines range of 92-115 months, altered, however, by the statutory 10 year mandatory minimum. (Addendum on Defendant Requesting Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, filed June 21, 2012).

## II. Discussion

The above-captioned motion presents two issues, the second dependent upon the court's determination of the first. First, the court must determine whether Ushery is entitled to retroactive application of the Fair Sentencing Act's more lenient penalties for crack cocaine offenses. If the answer is no, then the court must address whether Ushery is nonetheless entitled to a reduction of his 135 month

2

sentence to the mandatory minimum sentence of 120 months. The court will address each issue in turn.

### A. The Fair Sentencing Act

Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (codified as amended in scattered sections of 21 U.S.C.) ("the FSA") to eliminate the 100-to-1 ratio for crack and powder cocaine sentences created by the Anti-Drug Abuse Act, Pub. L. 99-570, 100 Stat. 3207 (codified as amended in scattered sections of 21 U.S.C.). See Dorsey v. United States, 132 S.Ct. 2321, 2328-29 (2012). The FSA effectively lowered the 100-to-1 ratio for crack and powder cocaine sentencing to 18-to-1, by raising the crack cocaine trigger weights from 5 grams to 28 grams for the 5-year mandatory minimum sentence, and from 50 grams to 280 grams for the 10-year mandatory minimum. See FSA § 2(a), 100 Stat. 3207. The FSA also instructed the United States Sentencing Commission to "make such conforming amendments to the Federal Sentencing Guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law." Id. § 8(2); see also Dorsey, 132 S.Ct. at 2329. The Commission promulgated permanent amendments to the Guidelines, which took effect on November 1, 2011. Id. On June 30, 2011, the Commission unanimously voted to apply the new Guidelines retroactively to those offenders sentenced before passage of the FSA. See United States v. Dixon, 648 F.3d 195, 198 n.1 (3d Cir. 2011). However, the Commission has no authority to alter or amend the mandatory minimum statute. Id.

3

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to alter an otherwise final sentence under an amendment to a Guidelines range that the Sentencing Commission has made retroactively applicable. In these circumstances, a court may "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The court must determine the Guidelines range that would have been applicable to the defendant if the amended Guidelines had been in effect at the time of the original sentencing. U.S.S.G. § 1B1.10(b)(1). But in doing so, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id.; see also Dillon v. United States, 130 S.Ct. 2683, 2691-92 (2010). Even when a Guidelines range falls below a mandatory minimum sentence, a district court is constrained to sentence at or above the statutory minimum. See U.S.S.G. § 5G1.1(c)(2). Section 3582(c)(2) is a narrow grant of authority and is "not a plenary resentencing proceeding." Dillon, 130 S.Ct. at 2691.

Ushery submits that he is entitled to a sentence reduction below the mandatory minimum term of 10 years in light of the Supreme Court's decision in Dorsey v. United States. The Dorsey Court determined that the more lenient penalty provisions of the FSA applies to offenders who committed a crack cocaine crime *before* the FSA's effective data of August 3, 2010, but who are sentenced *after*

4

August 3, 2010.  Id. at 2326.  To hold otherwise would, among other things, lead to disparities in sentencing the likes of which Congress enacted the Sentencing Reform Act and FSA to prevent.  Id. at 2333-34.  Ushery argues that the same reasoning that the Court relied upon in Dorsey mandates a finding that the FSA's more lenient mandatory minimum trigger weights should apply to offenders whose conduct and sentencing *both* occurred prior to the enactment of the FSA.

The Third Circuit addressed the retroactivity of the FSA prior to the Supreme Court's decision in Dorsey.  In United States v. Reevey, 631 F.3d 110, 111 (3d Cir. 2010), the Third Circuit considered whether the FSA allows a district court to impose a sentence below the statutory mandatory minimum prison term in effect at the time of the original sentencing.  The court held that the FSA did not apply retroactively to offenders who committed their offenses and were sentenced prior to the FSA's effective date.  Id. at 114-15.  The court relied upon the "Savings Statute," codified at 1 U.S.C. § 109.  The Savings Statute provides, in relevant part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109.  The Savings Statute requires that, for an ameliorative criminal statute to apply retroactively, Congress must expressly declare it so.  The FSA does not contain such an express statement.  Hence, the Third Circuit held that the FSA

5

does not authorize a sentence below the mandatory minimum in effect at the time of the original sentencing. Reevey, 631 F.3d at 114-15.[1]

Dorsey does not abrogate the Third Circuit's holding in Reevey. First, the Third Circuit has implied as much, albeit in a nonprecedential opinion. See United States v. Curry, No. 12-1058, 2012 WL 2878238, at *2 (3d Cir. July 2, 2012) (*per curiam*) (denying a motion seeking leave to file a supplemental brief addressing Dorsey's application to a situation nearly factually identical to that presented here, because "[i]nasmuch as we are aware of Dorsey, we conclude there is no need for further briefing and we deny the motion"). More fundamentally, however, the Supreme Court *itself* noted in Dorsey that its decision would create some sentencing disparities between offenders who were sentenced pre-FSA and those whose offenses occurred prior to the FSA but who were sentenced after. 132 S.Ct. at 2335. The court noted that these disparities reflect "a line-drawing effort" that results from the "ordinary practice" of applying "new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." Id. Any sentencing disparity "between those pre-Act offenders already sentenced and those not yet sentenced" is therefore simply part-and-parcel with the normal

---

[1] The court notes that Congress may make a ameliorative statute apply retroactively either "expressly or by *necessary implication* in a subsequent enactment." Dorsey, 132 S.Ct. at 2331 (quoting Great Northern R. Co. v. United States, 208 U.S. 452, 465 (1908)) (emphasis in original). However, Congress neither expressly nor by "necessary implication" expressed a desire to apply the FSA retroactively.

6

rule that ameliorative sentencing alterations do not apply retroactively. Ushery's argument that Dorsey compels a resentencing of less than 120 months is therefore without merit, and it is rejected.

**B.     Sentence Reduction to 120 Months**

Ushery has argued, in the alternative, that his sentence should be reduced from 135 months to 120 months, reflecting the mandatory minimum sentence at the time of his original sentencing and notwithstanding the FSA's alterations. The government has concurred in this request. (Doc. 104 at 2). As discussed *supra*, Ushery's imprisonment range under the amended Guidelines is 92-115 months, consisting of a base offense level of 26 with no adjustments and a criminal history category of IV. The mandatory minimum sentence, however, effectively makes Ushery's Guidelines range 120-120 months. The court notes that Ushery's original Guidelines range was 135-168 months, and that he was sentenced at the bottom of the Guidelines, at 135 months.

Having calculated Ushery's amended Guidelines range, the court must now turn to a discussion of the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(2).

*The Nature and Circumstances of the Offense*

Ushery was arrested following a vehicle stop. Officers smelled marijuana, and requested permission to search the vehicle, which Ushery denied. Officers then received permission from the owner of the vehicle, and found 65.7 grams of

crack cocaine in the vehicle. Ushery fled before police could restrain him. He was later arrested on a supervised release violation warrant.

*History and Characteristics of the Defendant*

Ushery has been involved with the criminal justice system since he was 14 years old. He has violent tendencies, and he has been assessed by mental health professionals as insecure, aggressive, impulsive, rebellious, insensitive and sociopathic. Ushery has an extensive criminal history, including a 1999 conviction for possession of a firearm by a convicted felon. Ushery has earned his GED, and has apparently pursued a number of educational opportunities while incarcerated. He was involved in two disciplinary incidents while incarcerated, including an August 30, 2001 incident report for stealing and a November 27, 2009 incident report for being involved in an altercation with another inmate. Both incidents resulted in a loss of good conduct time. Ushery has paid approximately $700 toward his court-ordered financial obligations.

*Kinds of Sentences Available*

As previously discussed, Ushery is subject to the mandatory minimum sentence of 120 months, and is currently serving a sentence of 135 months. The court does not have discretion to sentence below 120 months.

*Sentencing Disparities*

This is not a multiple defendant case, but the court has considered the issue of sentencing based (generally) upon similarly situated defendants.

*Restitution to Victims*

Ushery has been ordered to pay $1,000 in community restitution.

*The Need to Protect the Public*

Ushery has a lengthy criminal history, and has a high likelihood of recidivism. Given his mental health issues, a period of careful supervision is deemed to be essential.

*Need for the Sentence Imposed*

Ushery has been undeterred by prior terms of imprisonment, and his criminal history reflects a lack of respect for the law. The court's sentence reflects a concern for just punishment, deterrence, and the promotion of respect for the law. The court notes that Ushery was sentenced at the bottom of the Guidelines applicable at the time of his original sentencing, and that under the current edition of the Guidelines, his sentencing range is significantly below the mandatory minimum sentence. The court is unable to sentence him once again at the bottom of the Guidelines range. However, after full consideration of all of the factors set forth in 18 U.S.C. § 3553(a), the court concludes that a sentence of 120 months is in accord with the policy aims of the FSA and meets sentencing objectives.

## III. **Conclusion**

The court finds that a reduction of Ushery's sentence to 120 months is in accord with the policy aims of the Sentencing Guidelines and is supported by consideration of the factors listed in 18 U.S.C. § 3553(a). The court will grant Ushery's motion in part and deny it in part, reducing his sentence to a term of 120

months imprisonment and leaving all other aspects of the original sentence in place. An appropriate order will issue.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:     February 6, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Number 1:07-cr-00403 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **RASHI ABDUL USHERY** | : | |

## ORDER

AND NOW, this 6th day of February, 2013, upon consideration of defendant Rashi Abdul Ushery's motion to reduce sentence (Doc. 96), and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that:

1. Ushery's motion (Doc. 96) is GRANTED in part and DENIED in part.

2. Ushery's term of imprisonment is hereby reduced to 120 months.

3. All other aspects of the original sentence shall remain undisturbed.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge